IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RACHEL RANI TYLER, | ) | 8:07CV362 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| M. J. HILL, Deputy Douglas County Sheriff, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her complaint on September 13, 2007. (Filing No. 1.) On October 23, 2007, Plaintiff was given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff filed her complaint on September 13, 2007 against one defendant, Deputy Douglas County Sheriff M.J. Hill. (Filing No. 1 at CM/ECF p. 1.) Plaintiff does not state in which capacity Defendant Hill is sued.

Plaintiff alleges that she attended a trial of "Snow Tyler" in "Judge Mullen's courtroom" on September 12, 2007. (*Id.*) She was asked to leave the courtroom, and went outside the courtroom to the hall. Defendant Hill followed Plaintiff to the hall, told [Plaintiff] to "leave the courthouse immediately" and "us[ed] force" on Plaintiff. (*Id.*) Plaintiff questioned Defendant Hill regarding the force used. Defendant "threatened" to arrest Plaintiff and followed her from the courthouse. (*Id.*) Plaintiff seeks damages in the amount of "$100,000,000 for assault and battery" for violations of "our constitutional rights." (*Id.* at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'"). Further, a suit against a public employee in his or her official capacity is actually a suit against the public employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

Here, Plaintiff does not specify in which capacity Defendant Hill is sued. Therefore, the court presumes that Hill is sued only in his official capacity. In accordance with the standards set forth above, Plaintiff's claims against Hill in his official capacity are therefore construed as claims against Douglas County, Nebraska.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

    2)    Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

    3)    That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege any municipal policy or custom which caused her injury. Based on the allegations of the complaint, the court finds that Plaintiff has not alleged any cognizable claims and Plaintiff's complaint fails to state a claim upon which relief may be granted. However, the court grants Plaintiff 30 days in which to amend her complaint in accordance with this memorandum and order.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff shall have until **February 15, 2008** to amend her Complaint to clearly state a claim on which relief can be granted against Defendant Hill and/or Douglas County, Nebraska. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice.

    2.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **February 15, 2008**.

    3.    The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter.

4.	Plaintiff shall keep the court informed of her current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

January 9, 2008.				BY THE COURT:


						s/ Joseph F. Bataillon
						Chief United States District Judge